UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BETH  BREITWEISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01687-TWP-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CHILD | ) | |
| SERVICES, | ) | |
| MARY BETH BONEVENTURA, | ) | |
| PEGGY  SURBEY, | ) | |
| NOLA  HUNT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on Defendants' Motion for Entry of Protective Order.

[Dkt. 75.]  For the following reasons, the Court **GRANTS** Defendants' Motion.

## I.        Background

This matter involves allegations that Defendants wrongfully investigated Plaintiff for

child abuse or neglect.  [*See* Dkt. 1.]  On September 2, 2016, Defendants moved for a protective

order to prohibit discovery of an audio recording of a conversation (the "recording") involving

an individual (the "reporter") who reported allegations of child abuse or neglect to Defendant

Indiana Department of Child Services (DCS).  [Dkt. 75.]  On September 23, the Court ordered

Defendants to submit the recording for *in camera* review.  [Dkt. 82.]  Defendants complied with

the Court's order on September 26.  [Dkt. 83.]

As an initial matter, the Court's *in camera* review of the recording reveals that it could

not have been part of the initial report that triggered the investigation at issue, as Plaintiff

suspects.  [Dkt. 78 at 1 (¶ 3).]  The recording's content demonstrates that the underlying

conversation must have occurred at some point in time after DCS's initial contact with Plaintiff.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(c) governs discovery protective orders and permits

the Court to restrict discovery "to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense" upon a showing of good cause.  Fed. R. Civ. P.

26(c)(1).  The decision to issue a protective order is committed to the sound discretion of the

Court.  *Id.*; *see Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("District

courts have broad discretion in matters relating to discovery.").  "Before restricting discovery,"

the Court is required to "consider the totality of the circumstances, weighing the value of the

material sought against the burden of providing it, and taking into account society's interest in

furthering the truthseeking function in the particular case before the court."  *Patterson*, 281 F.3d

at 681.  Documents protected from disclosure under state law are generally appropriate subjects

for a protective order.  *See, e.g.*, *Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 209 (S.D. Ind.

2012).

## III.    Discussion

In support of their Motion, Defendants argue that Ind. Code § 31-33-18-2 imposes a duty

upon them to protect the identity of the reporter and that disclosure would therefore be

inappropriate.  Plaintiff argues that she is entitled to a redacted, written transcript of the

recording under the statutory framework.  Plaintiff argues that the recording may reveal that the

allegations were meritless.  Plaintiff also requests access to the identity of the reporter, wishing

to depose the reporter and believing that the report may have been the result of animus.  In reply,

Defendants maintain that any redaction would be insufficient to protect the identity of the

reporter due to the nature and context of the content.  Defendants further argue that any animus is irrelevant to their duty to assess and respond to reports of child abuse or neglect.

Complaints of child abuse and neglect are confidential under Indiana law.  Ind. Code § 31-33-18-1.  Nonetheless, section 31-33-18-2 of the Indiana Code provides a list of certain persons who may have access to such communications.  This list includes, in relevant part:

> (8) Each parent, guardian, custodian, or other person responsible for the welfare of a child named in a report or record and an attorney of the person described under this subdivision, **with protection for the identity of reporters** and other appropriate individuals.
> (9) A court . . . upon the court's finding that access to the records may be necessary for determination of an issue before the court. However, . . . access is limited to in camera inspection unless the court determines that public disclosure of the information contained in the records is necessary for the resolution of an issue then pending before the court.

Ind. Code. § 31-33-18-2 (emphasis added).  "[T]he statute requires redaction of DCS reports" before they may be provided to a parent, such as Plaintiff in this case, so as to protect the identity of the reporter.  *Doe v. Indiana Dep't of Child Servs.*, 53 N.E.3d 613, 616 (Ind. Ct. App. 2016). In interpreting a predecessor statute that contained substantially the same language, the Indiana Court of Appeals observed: "In reading the statute as a whole, we do not believe the legislature intended to allow discovery of the identity of a reporter simply because suit has been filed . . . . To do so would defeat the purpose of the statute to encourage reporting."  *Kinder v. Doe*, 540 N.E.2d 111, 115 (Ind. Ct. App. 1989).  Rather, disclosure under the statute is permissible only where the court is satisfied that a particular exception is met.  *See id.*

First, Plaintiff argues that she should have access to the reporter's identity to allow for the reporter's deposition.  Paragraph (8) of the above-quoted statute plainly does not permit Defendants to disclose the recording directly to Plaintiff unless they are able to protect the identity of the reporter through redaction.  Therefore, Plaintiff could only receive access to the

reporter's identifying information pursuant to Ind. Code. § 31-33-18-2(9), which allows for public disclosure of records "necessary for the resolution of an issue then pending before the court."

Plaintiff cites *Kinder v. Doe* in support of disclosure under paragraph (9).  *Kinder*, however, is distinct from this case in several material ways, including the legal claims (which were brought against the reporting party and not the investigating agency) and the nature of the document the plaintiff sought to discover (as noted above, the recording at issue in this case could not have been part of the initial report).  540 N.E.2d at 114–15 (noting that the issue before the court was "whether the **reporter** [was] immune from civil liability" (emphasis added)).  The Court's *in camera* review of the recording compels the conclusion that the recording is not "necessary for the resolution of an issue . . . pending before the court" under paragraph (9).  Unredacted disclosure of the recording is therefore inappropriate.

Second, Plaintiff argues in the alternative that she should have access to the recording in redacted form pursuant to paragraph (8).  After *in camera* review, however, the Court concludes that redaction sufficient to protect the identity of the reporter is impossible due to the nature of the recording's content.  Therefore, the recording cannot be disclosed in either redacted or unredacted form in a manner that would be consistent with the protections accorded by Ind. Code. § 31-33-18-2.

## IV.    Conclusion

Given the important policies the Indiana statute seeks to advance, and taking into consideration the "totality of the circumstances, weighing the value of the material sought" against the potential harm that could arise if Defendants were required to produce the recording, *Patterson*, 281 F.3d at 681, the Court finds good cause to issue a protective order pursuant to

Federal Rule of Civil Procedure 26(c).  The Court therefore **GRANTS** Defendants' Motion for Entry of Protective Order, [Dkt. 75], and hereby **FORBIDS** the disclosure or discovery of the recording referenced in Defendants' Motion.[1]

       SO ORDERED.

Dated:  27 SEP 2016             _____

                          Mark J. Dinsmore
                          United States Magistrate Judge
                          Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

---

[1] Plaintiff's request for an order providing that Defendant "not be able to rely upon" or "refer[]" to the recording in these proceedings is premature, [Dkt. 78 at 4], as motions "must not be incorporated within a brief, response, or reply to a previously filed motion."  S.D. Ind. L.R. 7.1.  Plaintiff is free to move the court *in limine* to provide such relief at the appropriate juncture.