**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BETH BREITWEISER, individually and on behalf of her minor children, M.B. and T.B., ) ) ) | |
| Plaintiff, ) ) | Case No. 1:15-cv-01687-TWP-MJD |
| v. ) ) | |
| NOLA HUNT, ) ) | |
| Defendant. ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a Report and Recommendation ([Filing No. 138](#)) from the Magistrate Judge to grant in part and deny in part Defendant Nola Hunt's ("Hunt") Motion for Summary Judgment ([Filing No. 116](#).) Hunt objects to the Report and Recommendation. ([Filing No. 141](#).) Plaintiff Beth Breitweiser ("Breitweiser") initiated this lawsuit against Hunt and the Indiana Department of Child Services ("DCS"), Director Mary Beth Boneventura, and Regional Manager Peggy Surbey on October 23, 2015, asserting various state law claims and violations of the Fourth and Fourteenth Amendments. After a motion to dismiss, an amended complaint, and a motion for judgment on the pleadings, the claims were narrowed to Breitweiser's claims for unreasonable search and seizure and violation of substantive and procedural due process and Hunt remains as the sole defendant.

With the claims narrowed, the Court referred Hunt's Motion for Summary Judgment to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Mark J. Dinsmore issued a Report and Recommendation, recommending that the

Motion for Summary Judgment be granted in part and denied in part (Filing No. 138). Specifically, the Magistrate Judge concluded:

> Breitweiser, the nonmovant, has demonstrated that she is entitled to judgment as a matter of law on her Fourth Amendment and procedural due process claims arising out of Hunt's warrantless search of Breitweiser's Apartment. Having given the parties notice and an opportunity to respond to that prospect [Dkt. 132], the Magistrate Judge recommends that the District Judge **DENY** Hunt's Motion [Dkt. 116] and **GRANT** partial summary judgment in Breitweiser's favor with respect to these claims.
>
> Breitweiser, however, has failed to overcome Hunt's qualified immunity defense with respect to Breitweiser's due process claims for Hunt's alleged threats to remove Breitweiser's children. Accordingly, the Magistrate Judge recommends that the District Judge **GRANT** Hunt's Motion [Dkt. 116] with respect to the remainder of Breitweiser's substantive and procedural due process claims.

*Id.* at 27–28.

The Court finds no error of law or fact in the Report and Recommendation and therefore OVERRULES Hunt's objection (Filing No. 141). The Court hereby ADOPTS the Magistrate Judge's Report and Recommendation (Filing No. 138), granting in part and denying in part Hunt's Motion for Summary Judgment (Filing No. 116); for the following reasons.

## I. DISCUSSION

The facts of this case are set forth in detail in the Magistrate Judge's Report and Recommendation which the Court adopts, so only a brief synopsis of the factual background is stated in this Order. In addition, the Court declines to repeat the thorough legal analysis and conclusion of the Magistrate Judge, but rather points the parties to the Report and Recommendation for this information.

The dispute in this matter arises out of a citizen's report of child abuse or neglect, alleging that Breitweiser's two children were subjected to hazardous living conditions while temporarily living in an apartment attached to Breitweiser's veterinary clinic. Hunt, the Case Manager

2

assigned to conduct an assessment of the report, gained entry into the apartment without a warrant, to observe whether the allegations in the initial report were accurate. After photographing inside the apartment, Hunt filed a child in need of services ("CHINS") petition, alleging that probable cause existed to believe the children were endangered and that temporary wardship over Breitweiser's children should be granted to DCS. Two months following the initiation of the CHINS proceedings in juvenile court, DCS voluntarily dismissed the case and sometime later, this lawsuit followed.

Hunt filed her Motion for Summary Judgment on Breitweiser's Fourth and Fourteenth Amendment claims, arguing that no constitutional violation occurred, and additionally, qualified immunity provided her protection. Thereafter, the undersigned referred the motion for summary judgment to the Magistrate Judge for a report and recommendation.

A district court judge may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Hunt objects to the Report and Recommendation's finding regarding qualified immunity and with respect to Breitweiser's Fourth Amendment claims. In particular, Hunt asserts: (1) Plaintiff has not offered a closely analogous case showing that Hunt's conduct patently violated the Fourth Amendment such that a reasonable official in her position would know that such a violation was occurring without guidance from the courts, and (2) there were exigent circumstances sufficient to allow Hunt to search the hybrid business/home without a warrant.

In her response to Hunt's objection to the Report and Recommendation, Breitweiser asserts persuasively, that "Hunt failed to make a specific objection to a portion of the report and recommendation related to qualified immunity. Rather, Hunt merely repackaged her twice rejected argument," and the objection "is a mere restatement of her failed summary judgment argument." ([Filing No. 143 at 1](), 2.) The Court agrees with Breitweiser's assessment of this objection.

With respect to exigent circumstances, the Magistrate Judge correctly determined that Breitweiser's rights, in relation to the search, were clearly established at the time of the incident. Hunt has not raised any specific facts to demonstrate exigent circumstances for the warrantless entry into Breitweiser's home. The Fourth Amendment warrant requirement applies to social workers. See, e.g., *Michael C. v. Gresbach*, 526 F.3d 1008, 1016–17 (7th Cir. 2008) ("As we stated above, the structures of the Fourth Amendment apply to social workers."; "We do not exempt child welfare workers from adhering to basic Fourth Amendment principles under non-exigent circumstances."); *Doe v. Heck*, 327 F.3d 492, 513 (7th Cir. 2003). The Report and Recommendation is well supported by the undisputed facts and case law. As a result, the Court agrees with the Magistrate Judge's conclusion and Hunts objection is overruled.

## II. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 138](#)), **GRANTING in part and DENYING in part** Hunt's Motion for Summary Judgment ([Filing No. 116](#)). This matter will proceed to trial on the issue of damages on the Fourth Amendment unreasonable search claim and the Fourteenth Amendment procedural due process claim based on the warrantless search of Breitweiser's apartment.

**SO ORDERED.**

Date: 7/11/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

E. Scott Treadway
EST LAW, LLC
scott@estlawllc.com

Raymond J. Biederman
MATTINGLY BURKE COHEN & BIEDERMAN LLP
raymond.biederman@mbcblaw.com

Jonathan Paul Nagy
OFFICE OF THE INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Matthew Keith Phillips
OFFICE OF THE INDIANA ATTORNEY GENERAL
matthew.phillips@atg.in.gov